# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7246 | **DATE** | April 11, 2012 |
| **CASE TITLE** | O'Leary vs. Kaupas et al | | |

**DOCKET ENTRY TEXT**

Defendants Harkins, Zaragoza, Chester, Alvarado, Adams, Wilhelmi and Kaupas' motion (Doc [217]) for entry of dismissal with prejudice and for a Rule 54(b) finding is denied.

■[ For further details see text below.]    Docketing to mail notices.

### ORDER

This matter comes before the Court on the motion of Defendants Michael Harkins, Sergeant Zaragoza, Sergeant Chester, Gabriel Alvarado, Ron Adams, Chris Wilhelmi, and Paul Kaupas (collectively, "Defendants") for entry of dismissal with prejudice and a finding pursuant to Federal Rule of Civil Procedure 54(b). For the reasons set forth below, Defendants' motion is denied.

On December 18, 2008, Plaintiff Marlis O'Leary ("O'Leary") filed a complaint against the above-named Defendants and three additional defendants (the "Remaining Defendants"), alleging a myriad of claims arising out of sexual harassment by the Sheriff's Office of Will County and its various employees. On January 4, 2012, this Court granted summary judgment in favor of Defendants but denied summary judgment for the Remaining Defendants. Defendants now move for an entry of dismissal of O'Leary's claims with prejudice and a Rule 54(b) finding.

Federal Rule of Civil Procedure 54(b) permits a court to enter final judgment as to fewer than all parties to a lawsuit if the court determines that there is no just reason to delay the judgment. A Rule 54(b) finding is appropriate where: (1) the adjudicated claims are separate from those not yet adjudicated; (2) there is a final decision as to at least one of the claims; and (3) there is no just reason for delay. *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1008 (7th Cir. 1984).

The parties spend considerable effort debating whether the claims resolved at summary judgment are separate from O'Leary's remaining claims. However, the Court need not resolve that issue, as Defendants have failed to establish that there is no just reason to delay the entry of final judgment. The determination of whether there is a just reason to delay entry of final judgment is left to the "sound judicial discretion" of a district court. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation omitted). In making this determination, the court "must take into account judicial administrative interests as well as the equities involved." *Id.*

**ORDER**

Here, both judicial efficiency and the balance of equities compel the denial of Defendants' motion for a Rule 54(b) finding. First, a Rule 54(b) finding would result in an inefficient use of judicial resources by requiring the appellate court to relearn the facts of the case in the event of a subsequent appeal. Each of O'Leary's claims arise out of alleged sexual harassment by the Defendants, and there is therefore some factual overlap between the adjudicated and remaining claims. Granting Defendants' request for a Rule 54(b) finding would compel O'Leary to promptly appeal the Court's grant of summary judgment, and her appeal at this stage of the proceedings, followed by a potential appeal on the remaining claims, would require the appellate court to relearn the facts underlying her claims. The Court recognizes that the claims resolved on summary judgment may not present a substantial factual overlap with O'Leary's remaining claims and thus the potential burden on the appellate courts may not be severe. However, there is no countervailing danger of hardship or injustice to Defendants that could be alleviated by immediate appeal, as Defendants are highly unlikely to appeal an award of summary judgment in their favor.

Second, a consideration of the equities at stake weighs against Defendants. Defendants have been awarded summary judgment and are therefore no longer parties to the dispute. Although the Court acknowledges that some burden inherently accompanies the pendency of a lawsuit, this burden is minimal when compared to the financial burden that would be imposed on O'Leary by compelling her to file multiple appeals involving related claims. The balance of equities thus favors the denial of Defendants' motion.

Ultimately, Defendants overlook the fundamental purpose of Rule 54(b) – "to balance the competing policies of permitting accelerated review of certain judgments with the desire to avoid the waste in appellate resources which can accompany piecemeal review." *Ind. Harbor Belt R.R. Co. v. Amer. Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir. 1998). Because Rule 54(b) serves primarily as an avenue for an interlocutory appeal, the prevailing party is generally not the one bringing a Rule 54(b) motion. Here, however, Defendants prevailed on their motion for summary judgment but are nevertheless seeking a Rule 54(b) finding. To grant Defendants' motion would compel O'Leary to appeal the Court's summary judgment decision while simultaneously litigating her remaining claims, only to potentially appeal the outcome of the ongoing litigation. This result would conflict with Rule 54(b) underlying goal of promoting appellate efficiency.

For the foregoing reasons, Defendants' motion for dismissal with prejudice and a Rule 54(b) finding is denied.

Date: April 11, 2012

_____
**CHARLES P. KOCORAS**
**U.S. District Judge**