# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7246 | **DATE** | July 11, 2012 |
| **CASE TITLE** | O'Leary vs. Kaupas et al | | |

**DOCKET ENTRY TEXT**

Defendant Kaupas's motion (Doc [234]) to strike plaintiff's expert disclosures is denied. Parties are given to August 31, 2012 to file the Final Pretrial Order - Short Form (www.ilnd.uscourts.gov/home/JUDGES/KOCORAS/pto-shortform.pdf), and proposed voir dire. Counsel are to meet, confer and agree on jury instructions to the best of their ability. Seventh Circuit jury instructions are preferred. Proposed jury instructions are also due by August 31, 2012.

■[ For further details see text below.]   Docketing to mail notices.

## ORDER

Defendant Paul Kaupas ("Kaupas") moves this Court to bar the testimony of three of Plaintiff Marlis O'Leary's ("O'Leary") expert witnesses because the witnesses failed to submit written reports under Federal Rule of Civil Procedure 26(a)(2)(B). The three expert witnesses at issue – Doctors Susan Sherman, Cosme Lozano, and Gayarthri Sundaresan – each treated O'Leary for post traumatic stress disorder ("PTSD"). Because Rule 26(a)(2)(C) does not require written reports of non-retained expert witnesses, Kaupas's motion is denied.

Expert witnesses are required to provide a written report under Rule 26(a)(2)(B) only "if the witness is one retained or specially employed to provide expert testimony." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011). Treating physicians that testify about observations made during treatment are generally not required to file an expert report under Rule 26(a)(2)(B). *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 644 (N.D. Ind. 2011) (internal citations omitted). Kaupas argues that the three treating physicians are required to comply with Rule 26(a)(2)(B) because they formed their opinions on the cause of O'Leary's PTSD after they treated her, rather than during the treatment. Kaupas relies on *Meyers v. Nat'l Railroad Passenger Corp.*, in which the Seventh Circuit held that a treating physician is required to submit a Rule 26(a)(2)(B) report if he plans on testifying on the cause of an injury and if the physician did not determine the injury's cause during treatment. 619 F.3d 729, 734-35 (7th Cir. 2010). A physician would not be required to submit a Rule 26(a)(2)(B) report if causation was determined during treatment. *Id.*

The Advisory Committee on the Rules of Civil Procedure recognized the difficulty created by requiring a non-retained expert, such as the treating physicians in *Meyers* and those at issue here, to file an expert disclosure under Rule 26(a)(2)(B). The Committee responded in December 2010, months after *Meyers* was decided, by adding Subpart C to Rule 26(a)(2). Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee's Note (2010) ("ACN"); *Coleman*, 274 F.R.D. at 645. Subpart C requires less stringent disclosures with respect to expert witnesses who are not retained. The ACN identifies "physicians or other health care professionals" as "frequent examples" of

expert witnesses covered by the amendment because they are typically not retained. ACN ("Courts must take care against requiring undue detail [from non-retained expert witnesses], keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."); *see also Coleman*, 274 F.R.D. at 645 (Subpart C "appears to speak directly to experts, such as treating physicians, whose testimony often blurs the line between fact and opinion.").

The three witnesses in this case appear to be of the very kind that the Advisory Committee had in mind when promulgating Subpart C – non-retained treating physicians providing expert testimony. In light of Subpart C, the fact that O'Leary's experts formed their opinions after treatment does not require an expert disclosure under Rule 26(a)(2)(B). Rather, they need only provide a disclosure identifying the subject matter on which they intend to present evidence, and a summary of the facts and opinions to which they are expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Because O'Leary's physicians have done so, Kaupas's motion to exclude their testimony is denied.

Parties are given to August 31, 2012 to file the Final Pretrial Order - Short Form (www.ilnd.uscourts.gov/home/JUDGES/KOCORAS/pto-shortform.pdf), and proposed voir dire. Counsel are to meet, confer and agree on jury instructions to the best of their ability. Seventh Circuit jury instructions are preferred. Proposed jury instructions are also due by August 31, 2012.

**Date:  July 11, 2012**

**CHARLES P. KOCORAS**
**U.S. District Judge**