**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARLIS O'LEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 7246 |
| | ) | |
| PAUL KAUPAS, *et al.*, | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED MOTION FOR JUDGMENT**
**AS A MATTER OF LAW ON PLAINTIFF'S EQUAL PROTECTION CLAIMS**

Defendants PAUL J. KAUPAS and MARTIN SHIFFLET, in their individuals capacities,
through their undersigned attorneys and pursuant to Rule 50(a) of the Federal Rules of Civil
Procedure, move for the entry of judgment as a matter of law as to Plaintiff's equal protection
claim against each of them, and in support of this motion, state as follows:

1.     Plaintiff asserts personal capacity equal protection claims against Sheriff Paul
Kaupas and retired Lt. Martin Shifflet based on the allegation that both men, as supervisors,
tolerated and condoned a sexually hostile work environment.

2.     Because Plaintiff's equal protection claims are personal capacity claims that seek
to hold Kaupas and Shifflet individually liable, the equal protection claims involve a smaller set
of alleged conduct than her Title VII claim does.  Individual liability under Section 1983 must be
based on conduct which the supervisory official: (a) was directly responsible for, and (b)
knowingly or recklessly failed to act upon.  *McPhaul v. Board of Commissioners of Madison
County*, 226 F.3d 558, 566 (7th Cir. 2000).  Therefore, Plaintiff's equal protection claims can
only be based upon conduct in which Kaupas or Shifflet was personally involved.

3.     Kaupas and Shifflet are entitled to judgment as a matter of law on the equal

protection claims because there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on those claims. *See Murray v. Chicago Transit Authority*, 252 F.3d 880, 886 (7th Cir. 2001) (Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."). In making this determination, a trial court views the evidence in the light most favorable to the non-moving party. *Id.*

4.     In *Murray*, the Seventh Circuit affirmed the trial court's directed verdict ruling on the plaintiff's Title VII claim. The *Murray* Court acknowledged the plaintiff had testified that she was subjected to numerous adverse actions after she rejected two sexual advances by her supervisor. 252 F.3d at 888. The adverse actions included having travel plans denied, not being interviewed for a promotion, having her cell phone taken away and phone bills scrutinized, and having her company car taken away. The Court concluded that the directed verdict was correctly granted for defendants because even assuming that the plaintiff's testimony was true, the evidence failed to prove the existence of a hostile work environment as required to recover under Title VII. *Id.*

## I.     There Is No Evidence That Shifflet Was Directly Responsible For Allowing A Hostile Work Environment.

5.     Plaintiff admitted at trial that Shifflet did not sexually harass her, which is fatal to her claim. Moreover, Plaintiff did not complain to Shifflet about sexual harassment. Thus, her claim against him is based entirely upon the following incidents: (a) that on two days in July 2006 Shifflet allowed her coworkers to view pornography on their computers in one specific area of the jail; (b) that on one day in July 2006 Shifflet allowed one of her coworkers to play a computer game involving images of testicles; (c) that on one occasion Shifflet allegedly said that he "didn't want pussy" in the booking area of the jail and allegedly called an inmate a crack

whore; and (d) that he put her on proof of illness notice for a brief period of time in January 2007 and put her on pod restriction for a brief period of time in March 2007.

6.      Even when viewed in the light most favorable to Plaintiff, the evidence concerning each of these incidents falls far short of showing that Shifflet tolerated or condoned a sexually hostile work environment, and therefore Plaintiff has failed to prove her equal protection claim. But even if the evidence is deemed sufficient to have a jury decide this claim generally, there is no evidence to support Plaintiff's request for punitive damages and therefore Shifflet is entitled to judgment as a matter of law as to that request for relief.

### A.      No Evidence That Coworkers Were Allowed To View Pornography On Their Computers.

7.      Plaintiff testified that she noticed unidentified coworkers viewing pornography on their computers in the summer of 2006 during her training period when she was assigned to the booking area. She was assigned to the booking area on only two days when Shifflet was working, July 15 and 15, 2007. (See Shift Rosters, identified as Defendants' Trial Exhibit 56, and attached Shift Roster Summary, identified as Defendants' Trial Exhibit 55).

8.      However, Plaintiff offered no evidence that Shifflet was aware of the coworkers' conduct. Though Plaintiff testified that Shifflet "walked by" while they were viewing pornographic images on their computers, she admitted that she was unable to say whether Shifflet saw what the coworkers were doing. Indeed, she conceded that Shifflet did not do anything to indicate that he saw the images, and Plaintiff did not complain to Shifflet or otherwise speak to him about the images. Thus, Plaintiff has failed to prove that Shifflet tolerated or condoned a sexually hostile work environment in this respect.

9.      Shifflet's alleged awareness of the computer images is based solely upon Plaintiff's subjective belief, and therefore her claim is legally deficient. *See Knight v. Kerstein*,

836 F.Supp.2d 719, 726 (N.D.Ill. 2011) (granting summary judgment to defendant on issue of punitive damages where plaintiff's only "proof" of evil motive was her own "subjective belief").

10.     Given that Plaintiff has not proven or presented any evidence that Shifflet even noticed the images that he allegedly passed by on two occasions, there is correspondingly no basis to conclude that Shifflet tolerated or condoned a sexually hostile work environment.

### B.     No Evidence That Shifflet Knew Plaintiff Was Offended By The Computer Game.

11.     Plaintiff testified that on one occasion, she saw Gabriel Alvarado playing a video game on one the computers in the booking area. She testified that the video game was "whack-a-ball" and the object of the game was to smack images of testicles. Plaintiff testified that she was offended by the video game and walked away from Alvarado's work station. As she was leaving the booking area, Shifflet entered. Plaintiff did not speak to Shifflet. She saw Shifflet walk over to Alvardo's work station, view the computer screen and begin talking with Alvarado. Plaintiff could not hear their conversation but she heard them laughing. She admitted that she did not complain to any supervisors about this incident. Shifflet and Alvarado both denied that the incident ever occurred.

12.     Title VII prohibits conduct that is specifically hostile to a protected class of persons. *Yuknis v. First Student, Inc.*, 481 F.3d 552, 554-55 (7th Cir. 2007) (holding that to create a hostile work environment that violates Title VII, the challenged conduct must be hostile to a specific protected class as opposed to being hostile generally).

13.     The only way in which the video game was arguably offensive was its depiction of male body parts. Thus, even if the video game was offensive, it was because of a general vulgarity and was not specifically hostile to women as required for a violation of Title VII. The Seventh Circuit explained that actionable conduct must specifically "make the workplace

uncomfortable for women, as distinct from making it uncomfortable for [other groups]." *Yuknis*, 481 F.3d at 554. Here the game could just as well have been offensive to men, "fastidious people," people who "abhor" images of nudity, etc. *See Id.* As a result, Plaintiff has not met the elements of her underlying claim. Because the video game was not even a violation of Title VII, Plaintiff has not shown that Shifflet acted with callously, cold-heartedly or with evil motive or intent. *See Tincher*, 118 F.3d at 1133.

14. Moreover, the video game was played on a single occasion while Plaintiff was walking away, and she voiced no complaint about the video game to Shifflet or anyone else. There is no evidence indicating that Shifflet even knew Plaintiff had seen what Alvarado was doing on the computer, much less that Shifflet was aware Plaintiff was offended by that conduct. Shifflet did not know Plaintiff herself had seen the video game because by the time he entered the room, Plaintiff was already leaving the area. At no time did Plaintiff tell Shifflet or anyone else that the game was offensive to her.

15. Plaintiff's Title VII rights were not at risk of being violated unless she was subjected to a sexually hostile working environment, and a single occasion of offensive computer conduct is insufficient as a matter of law to create an abusive working environment. *See Johnson v. Jung*, 2009 WL 3156743 at *9 (N.D.Ill. Sept. 28, 2009) (holding that single incident of offensive computer use was not actionable under Title VII).

16. Because the video game was not patently hostile to women, and because Shifflet had no knowledge that the game bothered Plaintiff, there is no basis to conclude that Shifflet tolerated or condoned a sexually hostile work environment.

### C. The Evidence is Insufficient to Show that the alleged "pussy" or "crack whore" comments violated Plaintiff's equal protection rights.

17.     Plaintiff's only support for the alleged "pussy" remark was her own self-contradicted word.   Although Plaintiff initially testified that she heard Shifflet say he "didn't want any pussy back [in the booking area]," she was impeached on cross-examination with her prior inconsistent statement that she only heard the comment second-hand.   In her prior inconsistent statement she said Harkins told her about the comment, and that she never heard Shifflet make the comment.   Because Plaintiff is a party-opponent, her prior inconsistent statement carries the weight of substantive evidence. *See* FRE 801(d)(2)(A).

18.     Harkins and Shifflet both denied that the comment was made.   Moreover, the documentary evidence again undermines Plaintiff's contention.   The Shift Roster Summary (Exhibit 55) shows that Shifflet assigned women to booking/property area approximately one-third of the days he worked.   This undermines Plaintiff's contention that Shifflet had a discriminatory animus toward women.   Thus even if he did make the comment to Plaintiff, it dies not rise to the level necessary to prove liability. *Johnson*, 2009 WL 3156743 at *9.

19.     Because her own prior statement and the documentary evidence undermine Plaintiff's contention that Shifflet made the remark, it cannot serve as a basis for Plaintiff's equal protection claim. *See Seshadri v. Kasraian*, 130 F.3d 798, 802 (7th Cir. 1997) (Court finding that a party's word alone insufficient where "[d]ocuments or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it").

20.     Likewise, Plaintiff's claim that Shifflet called an inmate a "crack whore" is insufficient to establish a violation of Plaintiff's equal protection rights.   As an initial matter, Plaintiff never said when this occurred, where it occurred or who was present.   In fact, Plaintiff

did not even say Shifflet made the comment directly to an inmate or in Plaintiff's presence. It therefore lacks any foundation and should be disregarded.

21.     Aside from the dubious evidentiary basis for the comment, there is nothing to suggest Plaintiff was affected by it in any way. The one-time occasion Plaintiff allegedly heard the comment is insufficient to establish liability. *See Johnson*, 2009 WL 3156743 at *9 (N.D.Ill. Sept. 28, 2009) (holding that single incident of offensive computer use was not actionable under Title VII).

### D.     The Alleged Adverse Acts By Shifflet Are Insufficient To Establish A Violation of Plaintiff's Equal Protection Rights.

22.     In this case, the evidence regarding the alleged adverse actions Shifflet took – the sick abuse notice and the pod restriction – are insufficient to support the equal protection claim against Shifflet. The proof of illness notice cannot be adverse as a matter of law. *See Longstreet v. Ill. Dept. of Corrs.*, 276 F.3d 379, 384  (7th Cir. 2002) (requiring proof of illness from employee is not materially adverse). Even if it could, the undisputed record in this case establishes that Plaintiff took four days off in January 2007 before or after scheduled days off, which indicated a pattern of abuse. The union steward testified that he saw the attendance record and agreed that the action was justified. Plaintiff never rebutted any of this testimony, so the only evidence in the record regarding the notice shows that it had a legitimate non-discriminatory purpose.

23.     The same is true for the pod restriction order. Numerous witnesses testified that Plaintiff was frequently away from her assigned post, which led to the order. Plaintiff never denied this from the witness stand. Her only contention was that she felt embarrassed that she had to call over the radio for permission to use the bathroom. However, no witness corroborated that she actually did make such calls over radio, and in fact the evidence suggests there was no

7

such requirement.  The actual written order that was given to Plaintiff did not specify that she

that the request had to be made over the radio or to get permission to use the bathroom.  It only

said she had to call a sergeant before leaving her post, and there was an available telephone ni

each post.  Moreover, the undisputed evidence establishes that there was a staff bathroom at

every post, so Plaintiff would not have needed to get permission from anyone to use the

bathroom.  Thus even if Plaintiff felt as if she had to make calls over the radio, that belief was

the product of her own imagination, not any order by Shifflet.  *See Seshadri, supra.*

## II. Plaintiff Offered No Evidence To Show That Sheriff Kaupas Was Directly Responsible For A Hostile Work Environment.

24.     Plaintiff's claim against Kaupas is based on a single incident.  The only alleged

personal involvement of Kaupas is Plaintiff's alleged meeting with him in his office in March

2007.  According to Plaintiff, she went to Kaupas' office to complain about sexual harassment in

general, and about Shifflet separately.

25.     As an initial point, Plaintiff's description of the meeting contradicts her other trial

testimony and therefore is intrinsically dubious.  As noted above, Plaintiff herself testified that

Shifflet did not sexually harass her.  Nor did Plaintiff present any evidence that she complained

to Shifflet about sexual harassment.  Thus, it is logically impossible that she went to Kaupas to

complain about Shifflet's sexual harassment, when she had no reason to believe that Shifflet had

engaged in sexual harassment in the first place.

26.     More significantly, there is no evidence showing that Plaintiff told Kaupas about

any of the instances of harassment she has described at trial.  Because Plaintiff never

communicated that information to Kaupas, he was never in a position to tolerate or condone a

sexually hostile work environment.

27.     In addition, the evidence shows that the meeting could not have occurred.  Three

witnesses – Sheriff Kaupas, Patty Rojkowski and Ron Adams – each testified that the meeting did not take place. In addition, the undisputed documentary evidence shows that Sheriff Kaupas was not available on the day the alleged meeting occurred. Plaintiff never rebutted any of this evidence. *See Seshadri*, *supra* (Court finding that a party's word alone insufficient where "[d]ocuments or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it").

28. Thus, Kaupas is entitled to judgment as a matter of law on the equal protection claim because even when viewed in the light most favorable to Plaintiff, the evidence fails to show that he tolerated or condoned a sexually hostile work environment. .

WHEREFORE, Defendants Paul Kaupas and Martin Shifflet respectfully request that this Court enter an order granting judgment in their favor and against Plaintiff on the equal protection claims.

Respectfully submitted,

PAUL KAUPAS and MARTIN SHIFFLET

s/ Patrick R. Moran
One of their attorneys

Patrick R. Moran
Pamela L. Gellen
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, IL 60606
T: (312) 364-2500
F: (312) 364-1003

# DEFENDANT'S TRIAL EXHIBIT 55

# SHIFT ROSTER SUMMARY

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty | | |
|---|---|---|---|---|---|---|---|
| 03/26/06 | 7:00 - 3:00 | A Pod | Campbell, Brown, Cobo | Knickrehm, Taylor, Gordon | No | | |
| 03/27/06 | 7:00 - 3:00 | A Pod | Campbell, Hicks, Bohler | Knickrehm, Taylor, Gordon | No | | |
| 03/28/06 | 7:00 - 3:00 | B Pod | Campbell, Falasca | Knickrehm | No | | |
| 03/29/06 | 7:00 - 3:00 | B Pod | Campbell, Weiffenbach | Knickrehm | No | | |
| 03/30/06 | 7:00 - 3:00 | C Pod | Campbell, Weiffenbach, Cobo | Knickrehm, Albano, Gordon | No | | |
| 04/02/06 | 7:00 - 3:00 | C Pod | Campbell, Little, Tichy | Knickrehm, Taylor, Gordon | No | | |
| 04/03/06 | 7:00 - 3:00 | C Pod | Campbell, Vance, Regal | Knickrehm, Taylor, Albano | No | | |
| 04/04/06 | 7:00 - 3:00 | A Pod | Campbell, Corsi, Caceres | Egan, Albano, Marotta | No | | |
| 04/05/06 | 7:00 - 3:00 | B Pod | Campbell, Poturalski | Egan, Marotta, Albano, Taylor | No | | |
| 04/06/06 | 7:00 - 3:00 | C Pod | Campbell, Corsi, White | Egan, Gordon, Marotta, Albano | No | | |
| 04/09/06 | 7:00 - 3:00 | E Pod | Falasca, Gonzalez, Langford | Knickrehm, Taylor, Gordon | No | | |
| 04/12/06 | 7:00 - 3:00 | E Pod | Breen, Chandler, Martin | Egan, Marotta, Albano | No | | |
| 04/15/06 | 7:00 - 3:00 | E Pod | Breen, Martin, Tichy | Shifflet, Gordon | Yes | | |
| 05/24/06 | 3:00 - 11:00 | Reception | Ceci, Hoch, Vrakas, Stanko | Shifflet, Luna, Jones, Vrakas | Yes | | |
| 05/25/06 | 3:00 - 11:00 | Reception | Ceci, Lopez, Luna, Lakomiak | Shifflet, Jones, Zaragoza, Luna | Yes | | |
| 05/26/06 | 3:00 - 11:00 | Reception | Ceci, Luna, Lakomiak, Wolfe | Shifflet, Zaragoza, Jones, Luna | Yes | | |
| 05/27/06 | 3:00 - 11:00 | Reception | Ceci, Jones, Hoch, Gonzalez | Shifflet, Zaragoza, Vrakas, Jones | Yes | | |
| 05/28/06 | 11:00 - 7:00 | Control | Garcia | McDowell, Knazze, Alexander | No | | |
| 05/30/06 | 11:00 - 7:00 | Control | Garcia | McDowell, Sicinski, Santerelli | No | | |
| 05/31/06 | 11:00 - 7:00 | Control | Garcia | McDowell, Santerelli, Sicinski, Alexander | No | | |
| 06/01/06 | 11:00 - 7:00 | Control | Garcia | Gardner, Alexander, Santerelli, Sicinski | No | | |
| 06/04/06 | 11:00 - 7:00 | Property | Kavanaugh, Jones | McDowell, Alexander, Sicinski | No | | |
| 06/05/06 | 11:00 - 7:00 | Property | Kavanaugh, Lopez | McDowell, Sicinski, Knazze | No | | |

DEFENDANT'S EXHIBIT 55

Blumberg No. 5114

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty | |
|---|---|---|---|---|---|---|
| 06/06/06 | 11:00 - 7:00 | Property | Kavanaugh, Gabrielson | McDowell, Alexander, Sicinski | No | |
| 06/10/06 | 11:00 - 7:00 | Property | Kavanaugh, Calderon | McDowell, Gordon, Santerelli | No | |
| 06/11/06 | 11:00 - 7:00 | Booking | Owens, Knutsen | McDowell, Alexander, Knazze, Santerelli | No | |
| 06/14/06 | 11:00 - 7:00 | Booking | Owens, Gabrielson | McDowell, Sicinski, Knazze, Santerelli | No | |
| 06/15/06 | 11:00 - 7:00 | Booking | Owens, Adams | McDowell, Knazze, Sicinski | No | |
| 06/16/06 | 11:00 - 7:00 | Booking | Owens, Carter | Gardner, Santerelli, Alexander, Sicinski | No | |
| 06/17/06 | 11:00 - 7:00 | Booking | Owens, Carter | Gardner, Sicinski, Santerelli | No | |
| 07/02/06 | 3:00 - 11:00 | Medical | Stika, Abdullah | Knickrehm, Zaragoza, Jones | No | |
| 07/03/06 | 3:00 - 11:00 | Medical | Stika, Ward | Santerelli, Jones, Zaragoza | No | |
| 07/05/06 | 3:00 - 11:00 | Tenders | Stika | Gardner, Luna, Zaragoza | No | |
| 07/06/06 | 3:00 - 11:00 | Tenders | Stika | Gardner, Luna, Jones | No | |
| 07/11/06 | 3:00 - 11:00 | Booking | Olino, Tomalieh | Zaragoza, Jones, Vrakas | No | |
| 07/12/06 | 3:00 - 11:00 | Booking | Olino, Tomalieh | Gardner, Vrakas, Zaragoza, Jones | No | |
| 07/13/06 | 3:00 - 11:00 | Booking | Olino, Harkins | Gardner, Zaragoza, Vrakas, Luna | No | |
| 07/14/06 | 3:00 - 11:00 | Booking | Olino, Perillo | Shifflet, Luna, Vrakas, Zaragoza | Yes | |
| 07/15/06 | 3:00 - 11:00 | Booking | Olino, Tomalieh | Shifflet, Luna, Jones, Vrakas | Yes | |
| 07/16/06 | 3:00 - 11:00 | D Pod | Stika, Sears | Shifflet, Jones, Luna | Yes | |
| 07/17/06 | 3:00 - 11:00 | D Pod | Stika, Spencer | Shifflet, Gordon, Zaragoza | Yes | |
| 07/18/06 | 3:00 - 11:00 | D Pod | Stika, Dudek | Shifflet, Zaragoza, Vrakas | Yes | |
| 07/19/06 | 3:00 - 11:00 | D Pod | Stika, Abdullah | Gardner, Vrakas, Zaragoza | No | |
| 07/22/06 | 3:00 - 11:00 | F Pod | Stika, Peyton | Shifflet, Sicinski, Vrakas | Yes | |
| 07/25/06 | 11:00 - 7:00 | Booking | Garcia, Adams, Talbert | Knickrehm, Alexander, Knazze, Santerelli | No | |
| 07/27/06 | 11:00 - 7:00 | Booking | Garcia, Adams, Talbert | Knickrehm, Sicinski, Knazze, Alexander | No | |
| 07/29/06 | 11:00 - 7:00 | Booking | Garcia, Calhoun | Gardner, Sicinski, Santerelli | No | |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty | |
|---|---|---|---|---|---|---|
| 07/30/06 | 11:00 - 7:00 | F Pod | Vance | Gardner, Santerelli, Sicinski | No | |
| 07/31/06 | 11:00 - 7:00 | F Pod | Knutsen | McDowell, Knazze, Santerelli | No | |
| 08/01/06 | 11:00 - 7:00 | E Pod | Rush | McDowell, Santerelli, Knazze | No | |
| 08/04/06 | 11:00 - 7:00 | Relief | None | McDowell, Knazze, Sicinski | No | |
| 08/05/06 | 11:00 - 7:00 | F Pod | Calhoun | Gardner, Sicinski, Knazze | No | |
| 08/06/06 | 11:00 - 7:00 | E Pod | Marx | Gardner, Knazze, Sicinski | No | |
| 08/07/06 | 11:00 - 7:00 | F Pod | Pasdertz | Shifflet, Sicinski, Knazze | Yes | |
| 08/10/06 | 11:00 - 7:00 | Medical | Reid | McDowell, Knazze, Alexander, Santerelli | No | |
| 08/13/06 | 11:00 - 7:00 | F Pod | Pasdertz | Gardner, Knazze, Santerelli, Sicinski | No | |
| 08/14/06 | 11:00 - 7:00 | F Pod | Knutsen | Gardner, Knazze, Santerelli, Adams | No | |
| 08/15/06 | 3:00 - 11:00 | F Pod | Peyton | Shifflet, Marotta, Luna | Yes | |
| 08/17/06 | 11:00 - 7:00 | Tenders | None | Gardner, Sicinski, Adams, Alexander | No | |
| 08/18/06 | 3:00 - 11:00 | Medical | Ward | Gardner, Baker, Alexander | No | |
| 08/18/06 | 11:00 - 7:00 | B Pod | Krstinich | Knazze, Alexander, Sicinski | No | |
| 08/19/06 | 3:00 - 11:00 | F Pod | Dragovan | Shifflet, Luna, Vrakas | Yes | |
| 08/19/06 | 11:00 - 7:00 | F Pod | Pasdertz | Gardner, Sicinski, Knazze | No | |
| 08/21/06 | 11:00 - 7:00 | F Pod | Carey | Gardner, Sicinski, Santerelli | No | |
| 08/24/06 | 11:00 - 7:00 | E Pod | Reid | McDowell, Knazze, Alexander | No | |
| 08/26/06 | 3:00 - 11:00 | B Pod | Kacynski, Wolfe | Shifflet, Luna, Zaragoza, Vrakas | Yes | |
| 08/26/06 | 11:00 - 7:00 | F Pod | McGrath | McDowell, Zaragoza, Alexander | No | |
| 08/27/06 | 11:00 - 7:00 | C Pod | Hollis | Gardner, Sicinski, Santerelli | No | |
| 08/28/06 | 11:00 - 7:00 | A Pod | Hollis | Gardner, Santerelli, Sicinski | No | |
| 09/02/06 | 3:00 - 11:00 | F Pod | Talbert | Shifflet, Vrakas, Zaragoza | Yes | |
| 09/02/06 | 11:00 - 7:00 | Medical | Pasdertz | McDowell, Sicinski, Adams | No | |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty | |
|---|---|---|---|---|---|---|
| 09/03/06 | 11:00 - 7:00 | C Pod | Cassello | McDowell, Knazze, Sicinski | No | |
| 09/05/06 | 11:00 - 7:00 | C Pod | Whited | Gardner, Santerelli, Sicinski, Knazze | No | |
| 09/07/06 | 11:00 - 7:00 | F Pod | Bostjancic | McDowell, Alexander, Santerelli, Sicinski | No | |
| 09/10/06 | 11:00 - 7:00 | F Pod | Vance | McDowell, Knazze, Sicinski, Alexander | No | |
| 9/13/2006 | 11:00 - 7:00 | F Pod | Whited | Santerelli, Sicinski, Alexander | No | |
| 09/14/06 | 11:00 - 7:00 | A Pod | Pasdertz | McDowell, Alexander, Santerelli | No | |
| 09/15/06 | 11:00 - 7:00 | B Pod | Zolecki | McDowell, Santerelli, Alexander, Knazze | No | |
| 09/16/06 | 11:00 - 7:00 | F Pod | Sharpe | McDowell, Alexander, Knazze, Santerelli | No | |
| 09/17/06 | 11:00 - 7:00 | A Pod | Reid | Alexander, Knazze, Sicinski | No | |
| 09/20/06 | 11:00 - 7:00 | Medical | None | McDowell, Sickinski, Alexander | No | |
| 09/21/06 | 11:00 - 7:00 | C Pod | Cowley | McDowell, Alexander, Santerelli | No | |
| 09/22/06 | 11:00 - 7:00 | D Pod | Pasdertz | McDowell, Santerelli, Knazze | No | |
| 09/23/06 | 11:00 - 7:00 | F Pod | Vance | McDowell, Knazze, Alexander, Santerelli | No | |
| 09/24/06 | 11:00 - 7:00 | E Pod | Reed | McDowell, Sicinski, Knazze | No | |
| 09/27/06 | 11:00 - 7:00 | F Pod | Cowley | McDowell, Alexander, Sicinski, Santerelli | No | |
| 09/28/06 | 11:00 - 7:00 | E Pod | White | McDowell, Alexander, Santerelli, Sicinski | No | |
| 09/30/06 | 11:00 - 7:00 | F Pod | Cowley | McDowell, Alexander, Knazze | No | |
| 10/03/06 | 11:00 - 7:00 | F Pod | Pasdertz | Gardner, Knazze, Alexander | No | |
| 10/04/06 | 11:00 - 7:00 | C Pod | Bostjancic | Gardner, Knazze, Sicinski, Santerelli | No | |
| 10/05/06 | 11:00 - 7:00 | F Pod | Vance | McDowell, Sicinski, Santerelli, Knazze | No | |
| 10/06/06 | 11:00 - 7:00 | C Pod | Krstinich | McDowell, Alexander, Sicinski | No | |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty |
|---|---|---|---|---|---|
| 10/10/06 | 11:00 - 7:00 | F Pod | Whited | Gardner, Sicinski, Knazze, Alexander | No |
| 10/11/06 | 11:00 - 7:00 | F Pod | Stika | Santerelli, Knazze, Sicinski | No |
| 10/12/06 | 11:00 - 7:00 | F Pod | Knutsen | McDowell, Sicinski, Santerelli, Knazze | No |
| 10/13/06 | 11:00 - 7:00 | A Pod | Zolecki | McDowell, Santerelli, Alexander, Sicinski | No |
| 10/14/06 | 11:00 - 7:00 | A Pod | Pasdertz | McDowell, Sicinski, Santerelli | No |
| 10/18/06 | 11:00 - 7:00 | A Pod | Krstinich | Gardner, Knazze, Sicinski, Santerelli | No |
| 10/19/06 | 11:00 - 7:00 | F Pod | Cowley | McDowell, Sicinski, Santerelli, Knazze | No |
| 10/20/06 | 11:00 - 7:00 | C Pod | Mica | Santerelli, Alexander, Sicinski | No |
| 10/21/06 | 11:00 - 7:00 | Medical | Mica | Santerelli, Sicinski, Alexander | No |
| 10/24/06 | 11:00 - 7:00 | A Pod | Hollis, Carey | Gardner, Alexander, Knazze | No |
| 10/25/06 | 11:00 - 7:00 | F Pod | Hollis, Calhoun | Gardner, Knazze, Alexander | No |
| 10/26/06 | 11:00 - 7:00 | D Pod | Carey, McGrath | McDowell, Alexander, Knazze | No |
| 10/27/06 | 11:00 - 7:00 | Medical | Cowley | McDowell, Knazze, Alexander | No |
| 10/28/06 | 11:00 - 7:00 | F Pod | High | McDowell, Luna, Zaragoza | No |
| 10/31/06 | 3:00 - 11:00 | Medical | Hollis, Coutcher | Adams, Vrakas, Zaragoza | No |
| 11/01/06 | 3:00 - 11:00 | Medical | Shymkus | Shifflet, Zaragoza, Vrakas, Adams | Yes |
| 11/02/06 | 3:00 - 11:00 | A Pod | Stika, Stanko | Shifflet, Adams, Zaragoza | Yes |
| 11/03/06 | 3:00 - 11:00 | F Pod | Jesani | Shifflet, Zaragoza, Santerelli | Yes |
| 11/04/06 | 3:00 - 11:00 | F Pod | Grabavoy | Shifflet, Martin, Gordon | Yes |
| 11/07/06 | 3:00 - 11:00 | B Pod | Coutcher, Jandura | Shifflet, Zaragoza, Adams, Vrakas | Yes |
| 11/08/06 | 3:00 - 11:00 | Medical | Garza | Shifflet, Vrakas, Zaragoza | Yes |
| 11/09/06 | 3:00 - 11:00 | F Pod | Rossi | Shifflet, Zaragoza, Luna | Yes |
| 11/10/06 | 3:00 - 11:00 | Medical | Little | Shifflet, Luna, Vrakas, Zaragoza | Yes |
| 11/11/06 | 3:00 - 11:00 | F Pod | Cruz | Shifflet, Luna, Adams | Yes |
| 11/14/06 | 3:00 - 11:00 | Medical | High | Shifflet, Adams, Zaragoza, Vrakas | Yes |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty | |
|---|---|---|---|---|---|---|
| 11/15/06 | 3:00 - 11:00 | Medical | Shymkus | Shifflet, Zaragoza, Vrakas, Adams | Yes | |
| 11/16/06 | 3:00 - 11:00 | A Pod | Valdes, Galto | Shifflet, Vrakas, Zaragoza, Luna | Yes | |
| 11/17/06 | 3:00 - 11:00 | E Pod | Day, Alvarado | Vrakas, Luna, Zaragoza | No | |
| 11/18/06 | 3:00 - 11:00 | D Pod | Wolfe | Knickrehm, Vrakas, Luna | No | |
| 11/21/06 | 3:00 - 11:00 | F Pod | Grabavoy | Shifflet, Adams, Marotta | Yes | |
| 11/24/06 | 3:00 - 11:00 | D Pod | Dudek | Shifflet, Alexander, Luna | Yes | |
| 11/25/06 | 3:00 - 11:00 | F Pod | Moffett | Shifflet, Santerelli, Luna | Yes | |
| 11/25/06 | 11:00 - 7:00 | F Pod | Cassello | McDowell, Knazze, Sicinski | No | |
| 11/27/06 | 3:00 - 11:00 | F Pod | Smith | Gardner, Santerelli, Luna | No | |
| 11/28/06 | 3:00 - 11:00 | F Pod | Smith | Gardner, Adams, Alexander, Luna | No | |
| 11/29/06 | 3:00 - 11:00 | C Pod | Wilhelmi | Shifflet, Luna, Adams, Gardner | Yes | |
| 12/01/06 | 3:00 - 11:00 | E Pod | Stanko, Rauba | Shifflet, Vrakas, Alexander, Adams | Yes | |
| 12/04/06 | 3:00 - 11:00 | D Pod | Eartly | Gardner, Luna, Adams, Vrakas | No | |
| 12/05/06 | 3:00 - 11:00 | Medical | None | Gardner, Luna, Adams, Alexander | No | |
| 12/08/06 | 3:00 - 11:00 | F Pod | Talbert | Shifflet, Adams, Alexander | Yes | |
| 12/11/06 | 3:00 - 11:00 | E Pod | Alvarado, Sears | Gardner, Luna, Vrakas | No | |
| 12/12/06 | 3:00 - 11:00 | F Pod | Dragovan | Gardner, Adams, Alexander, Luna | No | |
| 12/13/06 | 3:00 - 11:00 | A Pod | Wilhelmi, Dudek | Shifflet, Alexander, Adams | Yes | |
| 12/14/06 | 3:00 - 11:00 | F Pod | Dragovan | Shifflet, Vrakas, Alexander, Adams | Yes | |
| 12/15/06 | 3:00 - 11:00 | E Pod | Bohler, Coleman | Shifflet, Alexander, Adams, Vrakas | Yes | |
| 12/18/06 | 3:00 - 11:00 | C Pod | Bohler, Hannigan | Gardner, Adams, Vrakas | No | |
| 12/18/06 | 11:00 - 7:00 | D Pod | Wolfe | McDowell, Santerelli, Sicinski | No | |
| 12/19/06 | 3:00 - 11:00 | A Pod | Stanko, Dragovan | Gardner, Santerelli, Alexander | No | |
| 12/20/06 | 3:00 - 11:00 | F Pod | Dragovan | Shifflet, Alexander, Gordon | Yes | |
| 12/21/06 | 3:00 - 11:00 | C Pod | Cantone, Coleman | Shifflet, Adams, Alexander, Vrakas | Yes | |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty | |
|---|---|---|---|---|---|---|
| 12/22/06 | 3:00 - 11:00 | Medical | None | Shifflet, Alexander, Vrakas, Adams | Yes | |
| 12/24/06 | 3:00 - 11:00 | A Pod | Zolecki, Stanko | Knickrehm, Adams, Albano | No | |
| 12/25/06 | 3:00 - 11:00 | D Pod | Kacynski | Knickrehm, Alexander, Vrakas | No | |
| 12/26/06 | 3:00 - 11:00 | C Pod | Rauba, Stanko | Gardner, Vrakas, Adams, Alexander | No | |
| 12/27/06 | 3:00 - 11:00 | F Pod | Talbert | Gardner, Adams, Vrakas | No | |
| 12/28/06 | 3:00 - 11:00 | Medical | Dudek | Knickrehm, Alexander, Vrakas | No | |
| 01/07/07 | 3:00 - 11:00 | F Pod | Peyton | Shifflet, Alexander, Vrakas | Yes | |
| 01/08/07 | 3:00 - 11:00 | C Pod | Jandura, Stanko | Shifflet, Alexander, Vrakas | Yes | |
| 01/09/07 | 3:00 - 11:00 | Control | High | Gardner, Gordon, Vrakas | No | |
| 01/10/07 | 3:00 - 11:00 | Medical | None | Gardner, Alexander, Vrakas | No | |
| 01/11/07 | 3:00 - 11:00 | F Pod | Smith | Gardner, Gordon, Vrakas | No | |
| 01/15/07 | 3:00 - 11:00 | F Pod | Talbert | Shifflet, Alexander, Vrakas | Yes | |
| 01/21/07 | 3:00 - 11:00 | F Pod | Dragovan | Shifflet, Alexander, Albano | Yes | |
| 01/22/07 | 3:00 - 11:00 | F Pod | Dragovan | Knickrehm, Vrakas, Alexander | No | |
| 01/27/07 | 3:00 - 11:00 | E Pod | Caceres, Cobo | Shifflet, Albano, Gordon | Yes | |
| 01/28/07 | 3:00 - 11:00 | Medical | Dragovan | Shifflet, Adams, Alexander | Yes | |
| 01/29/07 | 3:00 - 11:00 | F Pod | Peyton | Shifflet, Alexander, Adams, Vrakas | Yes | |
| 01/31/07 | 3:00 - 11:00 | E Pod | Regal, Bohler | Gardner, Alexander, Gordon | No | |
| 02/03/07 | 3:00 - 11:00 | C Pod | Creel, Stanko | Shifflet, Gordon, Santerelli | Yes | |
| 02/03/07 | 11:00 - 7:00 | Medical | Wolfe | Gardner, Knazze, Santerelli, Sicinski | No | |
| 02/04/07 | 3:00 - 11:00 | A Pod | Carey, Stanko | Knickrehm, Adams, Alexander | No | |
| 02/05/07 | 3:00 - 11:00 | D Pod | Bohler | Shifflet, Alexander, Vrakas, Adams | Yes | |
| 02/06/07 | 3:00 - 11:00 | F Pod | Dragovan | Shifflet, Vrakas, Alexander, Adams | Yes | |
| 02/07/07 | 3:00 - 11:00 | F Pod | Smith | Gardner, Alexander, Vrakas | No | |
| 02/10/07 | 3:00 - 11:00 | Medical | Stanko | Gardner, Albano, Adams | No | |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty |
|---|---|---|---|---|---|
| 02/11/07 | 3:00 - 11:00 | A Pod | Stanko | Knickrehm, Adams, Alexander | No |
| 02/12/07 | 3:00 - 11:00 | F Pod | Peyton | Shifflet, Vrakas, Alexander, Adams | Yes |
| 02/13/07 | 3:00 - 11:00 | E Pod | Dragovan, Day | Shifflet, Alexander, Vrakas | Yes |
| 02/13/07 | 11:00 - 7:00 | A Pod | Hollis, Reid | McDowell, Knazze, Zaragoza | No |
| 02/14/07 | 3:00 - 11:00 | F Pod | Dragovan | Gradner, Vrakas, Alexander | No |
| 02/19/07 | 3:00 - 11:00 | F Pod | Dragovan | Shifflet, Alexander, Adams | Yes |
| 02/20/07 | 3:00 - 11:00 | A Pod | Day, Dudek | Shifflet, Adams, Alexander | Yes |
| 02/24/07 | 3:00 - 11:00 | F Pod | Ward | Shifflet, Alexander, Vrakas | Yes |
| 02/24/07 | 11:00 - 7:00 | D Pod | Carey | McDowell, Zaragoza, Sicinski | No |
| 02/25/07 | 3:00 - 11:00 | C Pod | Dudek, Jandura | Shifflet, Alexander, Vrakas | Yes |
| 02/26/07 | 3:00 - 11:00 | F Pod | Dragovan | Shifflet, Adams, Alexander | Yes |
| 02/27/07 | 3:00 - 11:00 | C Pod | Berscheid | Shifflet, Alexander, Adams | Yes |
| 03/02/07 | 3:00 - 11:00 | F Pod | Peyton | Knickrehm, Alexander, Vrakas | No |
| 03/03/07 | 3:00 - 11:00 | F Pod | Smith | Shifflet, Gordon, Vrakas | Yes |
| 03/04/07 | 3:00 - 11:00 | E Pod | Shymkus, Valdes | Shifflet, Adams, Vrakas | Yes |
| 03/05/07 | 3:00 - 11:00 | C Pod | Shymkus, Cruz | Shifflet, Adams, Alexander | Yes |
| 03/09/07 | 7:00 - 3:00 | Transports | Kavanaugh, Chester, Cobo, Little, Ferguson | Egan, Gordon, Albano | No |
| 03/09/07 | 3:00 - 11:00 | C Pod | Day, Hannigan | Gardner, Albano, Vrakas | No |
| 03/10/07 | 3:00 - 11:00 | C Pod | Stanko, Hecht | Shifflet, Gordon, Vrakas | Yes |
| 03/12/07 | 7:00 - 3:00 | Relief | Moffett, Kavanauh, Morse, Martin, Salinas | Knickrehm, Albano, Gordon, Taylor | No |
| 03/19/07 | 3:00 - 11:00 | C Pod | Smith, High | Shifflet, Adams, Vrakas | Yes |
| 03/22/07 | 3:00 - 11:00 | Medical | None | Shifflet, Alexander, Adams | Yes |
| 03/23/07 | 3:00 - 11:00 | Medical | Valdes | Gardner, Adams, Alexander | No |
| 03/25/07 | 3:00 - 11:00 | Medical | Stanko | Shifflet, Alexander, Gordon | Yes |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty | |
|---|---|---|---|---|---|---|
| 03/30/07 | 3:00 - 11:00 | F Pod | Dragovan | Gardner, Vrakas, Alexander, Adams | No | |
| 03/31/07 | 3:00 - 11:00 | Medical | Jandura | Gardner, Alexander, Vrakas | No | |
| 04/02/07 | 3:00 - 11:00 | Medical | Smith | Shifflet, Adams, Vrakas | Yes | |
| 04/05/07 | 3:00 - 11:00 | Medical | Talbert | Shifflet, Alexander, Adams | Yes | |
| 04/06/07 | 3:00 - 11:00 | Medical | Caceres | Vrakas, Adams, Alexander | No | |
| 04/07/07 | 3:00 - 11:00 | F Pod | Moffett | Gardner, Alexander, Vrakas | No | |
| 04/08/07 | 3:00 - 11:00 | E Pod | High, Rossi | Marotta, Vrakas, Alexander | No | |
| 04/12/07 | 3:00 - 11:00 | F Pod | Peyton | Marotta, Taylor, Alexander | No | |
| 04/13/07 | 3:00 - 11:00 | A Pod | Stika, Stanko | Gardner, Alexander, Vrakas | No | |
| 04/14/07 | 3:00 - 11:00 | D Pod | Valdes | Knickrehm, Alexander, Vrakas | No | |
| 04/14/07 | 11:00 - 7:00 | C Pod | Carey | McDowell, Knazze, Sicinski, Zaragoza | No | |
| 04/18/07 | 3:00 - 11:00 | F Pod | Smith | Shifflet, Alexander, Vrakas | Yes | |
| 04/19/07 | 3:00 - 11:00 | Medical | Glomb | Shifflet, Vrakas, Alexander | Yes | |
| 04/20/07 | 3:00 - 11:00 | D Pod | Stanko | Shifflet, Alexander, Gordon | Yes | |
| 04/20/07 | 11:00 - 7:00 | F Pod | Carey | McDowell, Knazze, Zaragoza | No | |
| 04/21/07 | 3:00 - 11:00 | E Pod | N. Little, Cantone | Knickrehm, Alexander, Albano | No | |
| 04/21/07 | 11:00 - 7:00 | B Pod | High | McDowell, Zaragoza, Knazze | No | |
| 04/22/07 | 3:00 - 11:00 | F Pod | High | Gardner, Chester, Alexander | No | |
| 04/25/07 | 3:00 - 11:00 | E Pod | Zolecki, Marx | Shifflet, Chester, Vrakas | Yes | |
| 04/26/07 | 3:00 - 11:00 | A Pod | Rauba, Hecht | Shifflet, Vrakas, Chester | Yes | |
| 04/27/07 | 3:00 - 11:00 | E Pod | Martin, Caceres | Shifflet, Chester, Alexander | Yes | |
| 04/28/07 | 3:00 - 11:00 | A Pod | Glomb, N. Little | Gardner, Brannon, Chester | No | |
| 04/28/07 | 11:00 - 7:00 | B Pod | Valdes | Santerelli, Zaragoza, Knazze | No | |
| 04/29/07 | 3:00 - 11:00 | Medical | Bostjancic | Egan, Albano, Chester | No | |
| 05/02/07 | 3:00 - 11:00 | E Pod | Caceres, Jandura | Shifflet, Gordon, Vrakas | Yes | |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty |
|---|---|---|---|---|---|
| 05/03/07 | 3:00 - 11:00 | Medical | None | Shifflet, Gordon, Vrakas | Yes |
| 05/09/07 | 3:00 - 11:00 | D Pod | Stanko | Shifflet, Adams, Vrakas | Yes |
| 05/10/07 | 3:00 - 11:00 | F Pod | Dragovan | Shifflet, Adams, Vrakas | Yes |
| 05/15/07 | 3:00 - 11:00 | E Pod | DeMasi, Couthcher | Shifflet, Vrakas, Alexander | Yes |
| 05/16/07 | 3:00 - 11:00 | F Pod | Smith | Shifflet, Alexander, Vrakas | Yes |
| 05/17/07 | 3:00 - 11:00 | A Pod | Stika, Hecht | Shifflet, Vrakas, Alexander | Yes |
| 05/29/07 | 3:00 - 11:00 | E Pod | Zolecki, Berscheid | Shifflet, Adams, Alexander | Yes |
| 05/30/07 | 3:00 - 11:00 | F Pod | Eartly, Zavala | Shifflet, Alexander, Gordon | Yes |
| 05/31/07 | 3:00 - 11:00 | E Pod | Fio, Valdes, Jandura | Shifflet, Santerelli, Alexander | Yes |
| 06/02/07 | 3:00 - 11:00 | C Pod | Kacynski, Lewis | Shifflet, Adams, Alexander | Yes |
| 06/05/07 | 3:00 - 11:00 | F Pod | Moffett | Shifflet, Alexander, Vrakas | Yes |
| 06/06/07 | 3:00 - 11:00 | E Pod | Eartly, Cantone, Zavala | Egan, Vrakas, Alexander | No |
| 06/07/07 | 3:00 - 11:00 | F Pod | Talbert | Shifflet, Santerelli, Vrakas | Yes |
| 06/08/07 | 3:00 - 11:00 | E Pod | Valdes, Weiffenbach | Shifflet, Vrakas, Adams | Yes |
| 06/09/07 | 3:00 - 11:00 | A Pod | Valdes | Shifflet, Adams, Santerelli | Yes |
| 06/09/07 | 11:00 - 7:00 | A Pod | Valdes | Gardner, Knazze, Sicinski, Chester | No |
| 06/12/07 | 3:00 - 11:00 | B Pod | Hecht | Marotta, Adams, Alexander, Chester | No |
| 06/14/07 | 3:00 - 11:00 | C Pod | Stika | Shifflet, Vrakas, Alexander | Yes |
| 06/15/07 | 3:00 - 11:00 | Medical | None | Shifflet, Vrakas, Chester, Alexander | Yes |
| 06/18/07 | 3:00 - 11:00 | F Pod | Moffett | Marotta, Chester, Alexander | No |
| 06/19/07 | 3:00 - 11:00 | E Pod | Stanko, Valdes | Marotta, Alexander, Chester | No |
| 06/20/07 | 3:00 - 11:00 | Medical | Zolecki | Shifflet, Alexander, Vrakas | Yes |
| 06/22/07 | 3:00 - 11:00 | Medical | Mantia | Vrakas, Chester, Alexander | No |
| 06/25/07 | 3:00 - 11:00 | Medical | None | Shifflet, Alexander, Chester | Yes |
| 06/26/07 | 3:00 - 11:00 | F Pod | Smith | Alexander, Chester, Brannon | No |

| Date Worked | Shift | O'Leary's Location | Assigned With | Supervisors on Same Shift | Shifflet on Duty | |
|---|---|---|---|---|---|---|
| 06/26/07 | 11:00 - 7:00 | F Pod | Cowley | Taylor, Sicinski, Knazze | No | |
| | | | | | | |
| | | | | | | |
| **For the time period of 3/18/06 to 6/26/07** | | | | | | |
| Total number of shifts Plaintiff worked = | | | | | 242 | |
| Number of shifts Shifflet worked = | | | | | 332 | |
| Number of shifts Shifflet assigned females to Booking and/or Property = | | | | | 100 | |
| | | | | | | |
| **For the time period of 5/24/06 to 9/1/06** | | | | | | |
| Number of shifts Plaintiff was assigned to Property = | | | | | 4 | |
| | | | | | | |
| Number of shifts Plaintiff was assigned to Booking = | | | | | 13 | |
| | | | | | | |
| Number of shifts Plaintiff was assigned to Booking or Property while Shifflet was on duty = | | | | | 2 | |
| | | | | | | |
| **For the time period of 10/31/06 to 6/26/07** | | | | | | |
| Total number of shifts Plaintiff worked = | | | | | 136 | |
| Number of shifts Plaintiff worked while Shifflet was on duty = | | | | | 76 | |
| | | | | | | |
| Number of shifts Plaintiff was assigned to D Pod = | | | | | 10 | |
| Number of shifts Plaintiff was assigned to D Pod while Shifflet was on duty = | | | | | 4 | |
| | | | | | | |
| Number of shifts Plaintiff was assigned to Medical = | | | | | 27 | |
| Number of shifts Plaintiff was assigned to Medical while Shifflet was on duty = | | | | | 16 | |
| | | | | | | |
| Number of shifts Plaintiff was assigned to Medical or D Pod and Shifflet was not on duty = | | | | | 17 | |
| | | | | | | |
| Number of shifts where Plaintiff's assignment was not D Pod or Medical while Shifflet was on duty = | | | | | 56 | |